IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 3, 2025

## JEREMY JAMES DALTON v. BLOUNT COUNTY ET AL.

**Appeal from the Chancery Court for Blount County**
**No. 2021-CH-105   James H. Ripley, Chancellor**

———————————————————

### No. E2024-00904-COA-R3-CV

———————————————————

Because Appellant's brief fails to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee, he has waived review. Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Jeremy James Dalton, Whiteville, Tennessee, appellant, pro se.

Craig L. Garrett, Maryville, Tennessee, for the appellees, Blount County Sheriff, and Blount County, Tennessee.

### MEMORANDUM OPINION[1]

### I. Background

Appellant Jeremy James Dalton is an inmate in the custody of the Tennessee Department of Correction. On October 7, 2021, Mr. Dalton filed a "Petition for Writ of Possession" in the Chancery Court for Blount County ("trial court"). The petition, which

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

was filed against the Blount County Sheriff and Blount County, Tennessee (together, "Appellees"), states that it is brought "in accordance with T.C.A. § 29-30-103," which governs actions to recover personal property. It is undisputed that Mr. Dalton was held in the Blount County Detention Facility pending his criminal trial in Fentress County. The criminal matter concluded with Mr. Dalton's conviction.

By his petition in the trial court, Mr. Dalton sought possession of a "Twin Lakes telephone book being illegally held by [Appellees]." As further explained in his appellate brief:

> In 2021, the appellant was given a phone book . . . in the Fentress County Criminal Court. The appellant was to use the phone book to exercise his Constitutional Rights incident to self-representation from jail on the charge of premeditated 1st degree attempted murder which involved Rule 17 motions, *inter alia*.
> Upon return to Blount County jail, the phone book was taken from the appellant which did deny its possession and its use to the appellant to prepare for his criminal trial . . . .
> Due to the relevant need to use the phone book to file Rule 17 subpoena motions for trial and the need to present evidence and witness in a trial where I was framed by corrupt officials, the appellant filed for Writ of Possession.

Mr. Dalton does not dispute that the phone book was returned to him when he was transferred from the Blount County Detention Facility.

On November 4, 2021, Appellees filed an answer to Mr. Dalton's petition, wherein they asserted that Mr. Dalton failed to state a claim on which relief could be granted. As such, Appellees asked the trial court to dismiss the petition under Tennessee Rule of Civil Procedure 12. After the answer was filed, Mr. Dalton took no more action in his case. On December 8, 2023, the trial court entered an order of retirement, removing Mr. Dalton's petition from its active docket. Although there is nothing in the record indicating that the petition was reinstated, the parties do not dispute that, on Mr. Dalton's request, the trial court removed the case from its retired docket.

On May 3, 2024, Appellees filed a motion to dismiss. Therein, they averred, *inter alia*, that: (1) Mr. Dalton's petition for writ of possession should have been brought pursuant to Tennessee Code Annotated section 29-30-106, not section 29-30-103; (2) "Regardless of whether the Petition is for recovery of personal property (T.C.A. § 29-30-103) or an application for immediate writ of possession (T.C.A. § 29-30-106) [Mr. Dalton] failed to swear to his Petition or attach a sworn affidavit as required by both statutes. The Plaintiff also failed to comply with the statutory procedures set forth for an expedited writ of possession in T.C.A. § 29-30-106"; and (3) Mr. Dalton's failure to file a sworn petition

as required by statute is fatal to his action. In the alternative, Appellees asserted that:

> The "demand" portion of [Mr. Dalton's] Petition states: "The Plaintiff demands the telephone book be returned to the Plaintiff for use in cell 616 at the Blount County Jail." [Mr. Dalton's] Petition by its very language is not for the ultimate return of his property wrongfully possessed by someone else but is a request to have unfettered access to his property while in jail. A statutory action to recover property is not a proper legal cause of action by an inmate seeking such relief.

Finally, Appellees maintained that Mr. Dalton's petition was moot because: (1) "[b]y the time [Mr. Dalton] filed his Petition on October 7, 2021, he had already been convicted"; and (2) all of Mr. Dalton's personal property, including the phone book, were returned to him when he was transferred from Blount County.

The trial court heard the motion to dismiss on May 23, 2024. By order of June 4, 2024, the trial court dismissed Mr. Dalton's petition for failure to state a claim. The order of dismissal was based on the trial court's findings that:

> [Mr. Dalton] failed to verify his Petition or attach an affidavit thereto. Additionally, the writ of possession prayed for in the Petition is an improper legal process to obtain the use of personal property while incarcerated in the Blount County Detention Facility and therefore, the Petition fails to state a claim for relief in violation of Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The Court further finds that this matter has been pending for an extended period of time and [Mr. Dalton] has taken no action to prosecute the matter and the matter is further subject to be dismissed for failure to prosecute.

Mr. Dalton appeals.

## II. Issue

Mr. Dalton raises one issue for review as stated in his brief: "Did the Chancery Court err in dismissing the case?"

## III. Pro Se Status

We are aware that Mr. Dalton is representing himself in this appeal. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se

litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also* *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

## IV. Briefing

Appellees contend that Mr. Dalton has waived appellate review due to his failure to properly brief the issue. We agree.

Tennessee Rule of Appellate Procedure 27(f) states, in relevant part, that:
The brief of the appellant **shall** contain . . .
***

(7) An argument . . . setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.][2]

(Empasis added). Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee provides, in relevant part, that:

(a) Written argument in regard to each issue on appeal shall contain:

---

[2] Mr. Dalton's brief also fails to comply with Tennessee Rule of Appellate Procedure 27(5) because it contains no "statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below." Because we conclude that the lack of an argument, under Rule 27(f) negates our ability to adjudicate Mr. Dalton's appeal, we do not address the absence of a "statement of the case" in his brief.

- 4 -

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

In its entirety, the argument section of Mr. Dalton's brief reads:

The appellant contends that the circumstances present one of "first instance" given the relevant circumstances and dynamics of the case resulting in the direct "injury" inflicted—that an innocent man was convicted—because the physical fact of innocence couldn't [be] presented at trial and witnesses couldn't be compelled to testify to reinforce facts showing that innocence.

Moreover, further process available under T.C.A. § 29-30-108 and T.C.A. § 29-30-110 was denied by the way in which the entire episode occurred once the case was revived and no judgment was given to the "ultimate issue" [] which was "whether or not the phone book should've been given back to the appellant prior to trial."

A phone book was given, by motion, to the appellant by the Fentress County Court to allow a fair trial to be obtained by the exercise of its use, and its use was axiomatic to exercising multiple other rights that were necessary to maintain the integrity of the trial mechanism and obtain that fair trial and this was prevented by denying its use to the appellant prior to trial, thus resulting in "actual injury" by and through denial of Constitutional

Rights like Access to Courts which were necessary to obtain that fair trial.

"The mere right of possession, for whatever purpose, is sufficient to maintain the action, and it makes no difference whether the right is absolute or for purposes of security. ***Brammell v. Hart***, 59 Tenn. 366, 1873 Tenn. LEXIS 75 (1873).

Prisoners have a constitutional right to access the courts. ***Bounds v. Smith***, 430 U.S. 817, 821, 97 S.Ct 1491, 1494, 52 L. Ed. 2d 72 (1977); ***Jones v. Greninger***, 188 F.3d 322, 325 (5th Cir. 1999).

However, this right does not create an unlimited right to a law library or legal assistance, but rather requires meaningful access. ***Lewis v. Casey***, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). To prevail on a denial of access to courts claim, a plaintiff must demonstrate actual injury. ***Id***., 518 U.S. at 349052, 116 S.Ct. at 2180-81.

"Actual injury" resulted in the conviction of an "innocent man" while other constitutional rights were inexorably denied because the phone book was kept from the defendant and are "injuries" as well which therein led to a conviction because evidence of actual innocence couldn't be presented due to having not being [sic] able to subpoena records and witnesses. This prevented "meaningful" access as stated in ***Lewis v. Casey***, 518 U.S. 343, 351, 116 S/Ct/ 2174, 2180, 135 L. Ed.2d 606 (1996).

The appellant obtained a 40 year sentence for att. murder conviction that was maintained by fraud using fake evidence and witness which the appellant could've proven had he been able to use the phone book to fill out subpoenas and find witnesses for a trial—a fact the appellant can show this court at any time it would like, TO WIT, "actual injury".

In the first instance, Mr. Dalton's case citations largely are irrelevant to the question of whether the trial court erred in dismissing his petition for writ of possession. Furthermore, there are no citations to the record. Moreover, Mr. Dalton fails to address any of the grounds the trial court relied on in granting Appellees' motion to dismiss. As discussed above, the trial court dismissed the petition on its findings that Mr. Dalton: (1) failed to verify his petition or attach an affidavit thereto as required by statute; (2) sought relief through an "improper legal process"; and (3) failed to take action to prosecute his case. The "argument" section of Mr. Dalton's brief addresses none of these grounds. Rather, from our reading, Mr. Dalton's "argument" is merely a reiteration of the averments he made in support of his petition, *i.e.,* that the Appellees' keeping the phone book from him resulted in an improper conviction because he could not adequately prepare for his defense in the criminal matter. In short, Mr. Dalton makes assertions, but he does not

address any specific error in the trial court's ruling. As we have explained:

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In ***Bean***, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." ***Id***. at 56; *see also* ***Newcomb v. Kohler*** Co., 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in ***Newcomb***, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." ***Newcomb***, 222 S.W.3d at 400. It is not the function of this Court to . . . research and construct the party's argument. ***Bean***, 40 S.W.3d at 56.

***Chiozza v. Chiozza***, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). The Tennessee Supreme Court has held that "it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 1 S.W.2d 781 (Tenn. 1928)). Here, Mr. Dalton's failure to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee is fatal to his appeal.

## V. Conclusion

The appeal is dismissed. Costs of the appeal are assessed to the Appellant, Jeremy James Dalton. Because Mr. Dalton is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE